**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4520-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HANIF K. GWALTNEY,

    Defendant-Appellant.

_____

Submitted October 20, 2021 – Decided November 5, 2021

Before Judges Fuentes and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Accusation No. 18-04-0323.

Joseph E. Krakora, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Tiffany M. Russo, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Hanif Gwaltney appeals from an order denying his post-conviction relief (PCR) petition and his request to withdraw his guilty plea. We affirm.

On January 30, 2018, a police officer stopped and searched defendant's car. The officer found in the car's interior an orange pill container with no prescription label. The pill container held sixty-nine pills believed to be oxycodone but were later determined to be caffeine pills. With defendant's consent, the officer searched the trunk of the car and found a loaded .40 caliber handgun.

Pursuant to a negotiated agreement with the State, defendant pleaded guilty to third-degree distribution, possession, or manufacture of an imitation controlled dangerous substance (CDS) in violation of N.J.S.A. 2C:35-11(a)(3) and second-degree being a certain person not permitted to possess weapons in violation of N.J.S.A. 2C:39-7(b)(1). The court sentenced defendant to a five-year imprisonment term on the imitation CDS charge and a concurrent five-year imprisonment term with a five-year period of parole ineligibility for the certain persons offense.

Defendant filed pro se a PCR petition, which his counsel later supplemented. Defendant argued he should be allowed to withdraw his plea and

that his trial counsel was ineffective in: not challenging the five-year parole ineligibility on the certain-persons offense; misadvising him regarding the Graves Act, N.J.S.A. 2C:43-6(c); not challenging the sentence imposed; not arguing for a dismissal of the distribution charge; pressuring him to plead guilty without having meaningful conversations with him or providing him with discovery; failing to argue vigorously mitigating factors; and failing to explore drug-court participation.

In a written decision and corresponding order, the PCR judge denied defendant's PCR petition and request for permission to withdraw his plea. The judge found defendant had not established a prima facie case of ineffective assistance of counsel under the two-prong test established by Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). The PCR judge also concluded defendant had made a knowing, intelligent, and voluntary decision to plead guilty, amply supported by the record of the plea hearing.

Defendant raises the following arguments on appeal:

> POINT I
>
> THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT WAS NOT ENTITLED TO EVIDENTIARY HEARINGS ON BOTH HIS MOTION TO WITHDRAW HIS GUILTY PLEA AND

3

HIS PETITION FOR POST-CONVICTION RELIEF BASED ON INEFFECTIVE ASSISTANCE OF COUNSEL. DEFENDANT'S RIGHTS TO COUNSEL, A FAIR TRIAL, AND DUE PROCESS WERE VIOLATED.

> A. The Court Erred In Failing To Grant An Evidentiary Hearing For The Motion To Withdraw Defendant's Guilty Plea.
>
> B. Defendant Was Denied His Right To Effective Assistance Of Counsel In These Plea And Sentencing Proceedings.

We find no legal or factual basis to conclude the PCR judge erred in denying defendant's PCR petition and request for permission to withdraw his plea. Defendant's arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4520-19